# EXHIBIT A

RICHARD G. NIESS
CIRCUIT COURT, BR. 9



| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|
| | Civil Division | |

2011 SEP 27 PM 12:32

DANE CO. CIRCUIT COURT

WILDER CHIROPRACTIC, INC., a
Wisconsin corporation, individually and as
the representative of a class of similarly-
situated persons
664 North High Point Road
Madison, WI 53717

Case No. **11CV4358**

Case Code: 30704—Other
Injunction or Restraining Order

Plaintiff,

v.

Amount claimed exceeds
$10,000.00

SHARPS COMPLIANCE, INC. OF TEXAS,
a Texas corporation
9220 Kirby Drive, Suite 500
Houston, TX 77054-2500, and

This document was delivered to you on
the 11 day of 10 20 11
By: [signature]

JOHN DOES 1-10,

Defendants.

## SUMMONS

THE STATE OF WISCONSIN TO the above-named Defendants:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is:

Clerk of Circuit Court
Dane County Courthouse
215 South Hamilton Street
Madison, WI 53703

and to CROEN & BARR LLP, Plaintiff's attorneys, whose address is:

250 East Wisconsin Avenue, Suite 1550
Milwaukee, WI 53202

You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin, this 23 day of September, 2011.

                                              CROEN & BARR LLP
                                              Attorneys for Plaintiff

By: _____
                                              Charles H. Barr
                                              SBW # 1004802

250 East Wisconsin Avenue, Suite 1550
Milwaukee, WI 53202
Telephone: 414-226-2080
Fax: 414-892-5752

OF COUNSEL:
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501

Phillip A. Bock
BOCK & HATCH, LLC
134 North La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312-658-5500
Fax: 312-658-5555

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|
| | Civil Division 2011 SEP 27 PM 12: 32 | |

WILDER CHIROPRACTIC, INC., a Wisconsin corporation, individually and as the representative of a class of similarly-situated persons
664 North High Point Road
Madison, WI 53717

DANE CO. CIRCUIT COURT

Case No. **11CV4358**

Case Code: 30704—Other
Injunction or Restraining Order

                Plaintiff,

v.

SHARPS COMPLIANCE, INC. OF TEXAS,
a Texas corporation
9220 Kirby Drive, Suite 500
Houston, TX 77054-2500, and

JOHN DOES 1-10,

                Defendants.

Amount claimed exceeds $10,000.00

## CLASS ACTION COMPLAINT

Plaintiff, WILDER CHIROPRACTIC, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, SHARPS COMPLIANCE, INC. OF TEXAS and JOHN DOES 1-10 ("Defendants"):

### PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of faxing unsolicited advertisements.

2. The federal Telephone Consumer Protection Act, 47 U.S.C. § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides for statutory damages of $500 per violation.

3.  Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.  On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA and for common law conversion.

5.  Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.  Jurisdiction is conferred by Wis. Stat. § 801.05(4)(a), in that Plaintiff claims injury to property within this state arising out of an act or omission outside this state by Defendants, and at the time of the injury, solicitation activities were carried on within this state by or on behalf of Defendants.

7.  Venue is proper in Dane County pursuant to Wis. Stat. § 801.50(2)(a), because it is the county where the claim arose and Defendants committed a statutory tort there.

8.  Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9. Plaintiff is a Wisconsin corporation with its principal place of business in Madison, Wisconsin.

10. Defendant SHARPS COMPLIANCE, INC. OF TEXAS is a Texas corporation with its principal place of business in Houston, Texas. JOHN DOES 1-10 will be identified in discovery but are not presently known.

## FACTS

11. On or about June 2, 2010, Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12. Defendants created or made Exhibit A, which is a good or product that Defendants distributed to Plaintiff and the other members of the class.

13. Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services, which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

14. Plaintiff had not invited or given permission to Defendants to send faxes.

15. Defendants faxed the same or similar unsolicited facsimiles to Plaintiff and at least 199 other recipients without first receiving the recipients' express permission or invitation.

16. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

17. Defendants' facsimiles did not display a proper opt-out notice as required by 64 C.F.R. § 1200.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

18. Plaintiff incorporates the preceding paragraphs as though fully set forth in Count I.

19. In accordance with Wis. Stat. § 803.08, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt-out notice.

20. A class action is warranted because:

(a) The class includes at least 200 persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendants sent unsolicited fax advertisements;

(ii) Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

4

    (iii)  The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent Exhibit A and other unsolicited fax advertisements;

    (iv)  Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

    (v)  Whether Defendants violated the provisions of 47 U.S.C. § 227;

    (vi)  Whether Plaintiff and the other class members are entitled to statutory damages;

    (vii)  Whether Defendants should be enjoined from faxing advertisements in the future;

    (viii)  Whether the Court should award trebled damages; and

    (ix)  Whether Exhibit A and Defendants' other advertisements displayed a proper opt-out notice as required by 64 C.F.R. § 1200.

21. Plaintiff has a right or interest common with the class. Plaintiff will fairly and adequately represent the interests or rights of the other class members so that the legal and factual issues will be fairly and honestly tried. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to or in conflict with the absent class members.

22. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small, and individual actions are not economically feasible. The proposed class is manageable. The claims of the class arose by means of the same unauthorized, unlawful, and illegal acts of Defendants.

23. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ...." 47 U.S.C. § 227(b)(1)(C).

24. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(5).

25. The TCPA, 47 U.S.C. § 227(b)(3), provides:

> A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

26. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227(b)(3).

27. Defendants violated the TCPA, 47 U.S.C. § 227, by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

28. The TCPA is a strict liability statute, and Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

29. Defendants knew or should have known (A) that Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, (B) that Plaintiff and the other class

members did not have an established business relationship with Defendants, and (C) that Exhibit A is an advertisement.

30. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing, and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

## COUNT II
## CONVERSION

31. Plaintiff incorporates paragraphs 3 and 6 through 16 as though fully set forth in Count II.

32. In accordance with Wis. Stat. § 803.08, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who, on or after a date six years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants.

33. A class action is proper in that:

(a) The class consists of at least 200 persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i) Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

7

(ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements; and

(iii) Whether Defendants committed the tort of conversion.

34. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to or in conflict with the class.

35. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small, and individual actions are not economically feasible.

36. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner, and paper to their own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

37. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

38. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

39. Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

40. Plaintiff and the other class members were deprived of the use of the fax machines, which could not, during such unauthorized fax transmissions, be used for any other

purpose; and were also deprived of paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

41. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known that employees' time is valuable to Plaintiff.

42. Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, WILDER CHIROPRACTIC, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, SHARPS COMPLIANCE, INC. OF TEXAS and JOHN DOES 1-10, jointly and severally, as follows:

On Count I:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C.  That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.  That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

On Count II:

A.  That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.  That the Court award appropriate damages;

C.  That the Court award costs of suit; and

D.  That the Court award such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

Dated at Milwaukee, Wisconsin, this 23 day of September, 2011.

CROEN & BARR LLP
Attorneys for Plaintiff

By: _____
Charles H. Barr—SBW # 1004802

250 East Wisconsin Avenue, Suite 1550
Milwaukee, WI 53202
Telephone: 414-226-2080
Fax: 414-892-5752

OF COUNSEL:
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501

Phillip A. Bock
BOCK & HATCH, LLC
134 North La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312-658-5500
Fax: 312-658-5555

**EXHIBIT A**

To: JEFFREY WILDER.    From: SCI, Inc.    06/02/2010 2:10 PM    P. 1 of 1



# SHARPS. Compliance, Inc.

## Medical Waste Recovery Systems & Compliance

Dear JEFFREY WILDER,

Sharps Compliance is pleased to offer you the tools to help your practice save money and time. The Sharps® Recovery System® can **SAVE YOU UP TO 50% OR MORE** as compared to traditional waste-hauling services!

This unique system allows you to repurpose your sharps and other small quantity medical waste according to your schedule and convenience. *Simply fill it, package it, and return it. Freight/postage is prepaid.*

**Call 800.772.5657, mention this fax and receive a 10% DISCOUNT ON YOUR FIRST ORDER.**

## Sharps® Recovery Systems

| Syringe Capacity Per Container | | |
|---|---|---|
| Size | 3cc syringes | 1cc syringes |
| 1-Quart | 20-30 | 50-70 |
| 1-Gallon | 95-100 | 210-230 |
| 2-Gallon | 250-270 | 440-460 |
| 3-Gallon | 450-480 | 700-720 |



Sharps® Recovery System
(1 quart, 1 gallon, 2 gallon, 3 gallon)

## 18 and 28 Gallon TakeAway™ Recovery Systems for Medical Waste

– *Returns used sharps containers and red bio-hazard bags*

| Container Capacity | | |
|---|---|---|
| Size | Random | Structured |
| 18 Gallon | 20-30 | 50-70 |
| 28 Gallon | 95-100 | 210-230 |



18 and 28 Gallon - TakeAway™ Recovery System

## A Complete OSHA Compliance Program
*Occupational Safety & Health Policies and Procedures*

- *Safety and Health Program*
- *Bloodborne Pathogens Exposure Control Plan*
- *Hazard Communication Program*
- *Disaster plans*
- *General safety program*
- *Ongoing compliance training program*
- *Recordkeeping and enforcement*
- *Regulations and resources*
- *Forms and postings*



OSHA Compliance Manual and CD

*Recipients of this fax may request not to receive faxes and other discounted offers in the future at 1.888.221.2076*

© 2010 Sharps Compliance, Inc. All rights reserved.

800.772.5657 / www.sharpsinc.com